THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00038-MR

| | | |
|---|---|---|
| **JULIE LUANN LOVETT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ANDREW SAUL, Commissioner** | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for the admission of attorney Karl E. Osterhout as counsel *pro hac vice*. [Doc. 2]. Upon careful review and consideration, the Court will deny the motion.

*Pro hac vice* admission is for the admission of an attorney from another jurisdiction for a single case. See LCvR 83.1(b)(1) ("A *pro hac vice* admission is defined as an admission to the Bar of this Court in a *particular* case….") (emphasis added). The admission of an attorney *pro hac vice* is a matter within the discretion of the particular judge to whom the case is assigned. Id.

*Pro hac vice* admission is not intended to be a substitute for admission to the bar of this Court by those who regularly practice here. The present

motion is at least the 17th time that Mr. Osterhout has sought *pro hac vice* admission in this District. This, in the Court's view, constitutes regular practice.

Notably, counsel represents that he has been admitted to the bar in 31 other jurisdictions. [Doc. 2-1 at 1-2]. Apparently, he practices regularly in many courts. If, however, Mr. Osterhout desires to practice regularly in *this Court* he must apply for regular admission.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for the admission of attorney Karl E. Osterhout as counsel *pro hac vice* [Doc. 2] is **DENIED**.

**IT IS SO ORDERED.** Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge